IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICARDO GUERRERO, :
    Petitioner :
: No. 1:20-cv-39
v. :
: (Judge Rambo)
WARDEN G. QUAY, :
    Respondent :

# **MEMORANDUM**

On January 9, 2020, *pro se* Petitioner Ricardo Guerrero ("Petitioner"), who is presently incarcerated at the United States Penitentiary Allenwood in White Deer, Pennsylvania ("USP Allenwood"), initiated the above-captioned case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) In an Order dated January 22, 2020, the Court granted Petitioner leave to proceed *in forma pauperis* and directed Respondent to show cause why Petitioner should not receive the relief he requests. (Doc. No. 8.) After receiving an extension of time (Doc. Nos. 11, 12), Respondent filed a response on March 2, 2020 (Doc. No. 15). Petitioner has filed a motion to not be transferred to another facility (Doc. No. 13.) To date, however, Petitioner has filed neither a traverse nor a motion seeking an extension of time to do so. Accordingly, because the time period for filing a traverse has expired, Petitioner's § 2241 petition is ripe for disposition.

## I. BACKGROUND

On December 17, 1997, the United States District Court for the Southern District of Texas sentenced Petitioner to sixty-six (66) months' incarceration for aiding and abetting the possession with intent to distribute 179.6 grams of cocaine. (Doc. No. 15, Ex. 3 at 1.) Petitioner completed his sentence on June 12, 2001 and was released on that day. (*Id.*, Ex. 18 at 1.) On August 21, 2002, his supervised release was revoked and he was returned to custody to serve "a twenty-four (24) month supervised release violation term." (*Id.*) Petitioner was released pursuant to good conduct time on April 27, 2004. (*Id.* at 2.)

On October 23, 2013, a grand jury in the Southern District of Texas charged Petitioner with conspiracy to possess with intent to distribute heroin, methamphetamine, and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846; conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1) and (h); and being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. No. 15, Ex. 2.) Prior to trial, the Government filed an Information of Prior Conviction, indicating that Petitioner had previously been convicted of aiding and abetting the possession with intent to distribute 179.6 grams of cocaine in the Southern District of Texas, as well as conspiracy to deliver a controlled substance in the Circuit Court for Davidson County, Tennessee. (*Id.*, Ex. 3.) Prior to trial, the parties stipulated to Petitioner's

status as a felon. *See United States v. Guerrero*, No. 2:13-cr-844-1 (S.D. Tex.) (Doc. No. 703). The jury was instructed regarding this stipulation. *Id.* (Doc. No. 496). On March 18, 2014, the jury convicted Petitioner of all three (3) counts. (Doc. No. 15, Ex. 4.) On June 5, 2014, Petitioner was sentenced to life in prison for the drug conspiracy, 240 months for the money laundering conspiracy, and 120 months for being a felon in possession. (*Id.*, Ex. 5.)

Subsequently, the United States Court of Appeals for the Fifth Circuit affirmed Petitioner's judgment of conviction. *See United States v. Guerrero*, 603 F. App'x 328 (5th Cir. 2015). Petitioner then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied in 2017. *See United States v. Guerrero*, Nos. C-13-844-1, 2:16-229, 2017 WL 3335994 (S.D. Tex. Aug. 3, 2017). The Fifth Circuit subsequently denied Petitioner's request for a certificate of appealability. *See Guerrero*, No. 2:13-cr-844-1 (S.D. Tex.) (Doc. No. 1037).

Section 922(g)(1) prohibits an individual "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" from possessing firearms. 18 U.S.C. § 922(g)(1). Section 924(a)(2) provides that anyone who "knowingly violates" that provision is subject to imprisonment for up to ten (10) years. *See id.* § 924(a)(2). In 2019, the Supreme Court held that "the word 'knowingly' applies both to the defendant's conduct and to the defendant's status."

3

*Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019). Therefore, to convict an individual of violating § 922(g), "the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.*

In October 2019, Petitioner filed with the Fifth Circuit a motion for authorization pursuant to 28 U.S.C. § 2244, seeking leave to file a second or successive § 2255 motion. (Doc. No. 1 at 19-33.) Petitioner sought leave to file a second or successive § 2255 motion challenging his conviction under § 922(g)(1), arguing that under *Rehaif*, the Government never proved that Petitioner knew that he possessed a firearm and knew that he belonged "to the relevant category of persons barred from possessing a firearm." (*Id.* at 28.) In an Order entered November 26, 2019, the Fifth Circuit denied Petitioner's motion, concluding that *Rehaif* "addressed a question of statutory interpretation [and] did not announce a new rule of constitutional law." (*Id.* at 36-38.)

Petitioner now raises his *Rehaif* claim in his § 2241 petition. (*Id.* at 5, 10-15.) Petitioner argues that *Rehaif* "clearly establishes that [he] was convicted of conduct that the law does not make criminal." (*Id.* at 10.) According to Petitioner, the Government did not prove that he possessed the firearms and failed to prove that he was aware that he belonged to a group of people who are prohibited from possessing firearms. (*Id.* at 10-11, 14.) As relief, Petitioner requests that his 120-month

sentence for violating § 922(g)(2) be vacated and that his remaining counts of conviction be vacated so he can be "resentenced under the sentencing package doctrine." (*Id.* at 15.)

## II. DISCUSSION

### A. § 2241 Petition

#### 1. Jurisdiction

It is well settled that to challenge the validity of a sentence, a federal prisoner must file a motion to vacate pursuant to 28 U.S.C. § 2255 in the sentencing court, which is "already familiar with the facts of the case." *See Boumediene v. Bush*, 553 U.S. 723, 774-75 (2008); *see also Russell v. Martinez*, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). Conversely, a federal prisoner may challenge the execution of his sentence, such as the denial or revocation of parole or the loss of good-time credits, buy filing a petition pursuant to 28 U.S.C. § 2241 in the district court for the federal judicial district where he is in custody. *See* 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 443-44 (2004); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). However, if a petitioner shows "that a § 2255 motion 'is inadequate or ineffective to test the legality of his detention,' . . . [he may] resort to § 2241 to challenge the validity of the conviction or sentence." *See Brown v. Mendez*, 167 F. Supp. 2d 723,

726 (M.D. Pa. 2001); *see also* 28 U.S.C. § 2255(e); *Litterio v. Parker*, 369 F.2d 395, 395 (3d Cir. 1966) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.'").

A motion under § 2255 is not "inadequate or ineffective" if the sentencing court has previously denied relief. *See In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). Nor is a § 2255 motion "inadequate or ineffective" merely because the inmate "is unable to meet the requirements of [28 U.S.C.] § 2244 and § 2255(h), which require a federal prisoner to obtain preauthorization from the appropriate United States Court of Appeals before filing a second or subsequent § 2255 motion in the sentencing court." *See Miller v. United States*, No. 3:19-cv-2159, 2020 WL 820334, at *2 (M.D. Pa. Jan. 9, 2020), *report and recommendation adopted*, 2020 WL 815777 (M.D. Pa. Feb. 18, 2020). Moreover, "§ 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements." *See Long v. Fairton*, 611 F. App'x 53, 55 (3d Cir. 2015) (citing *Dorsainvil*, 119 F.3d at 251). The Third Circuit:

> permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and [Third Circuit] precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. And second, the prisoner must be "otherwise barred from challenging the legality of the

6

conviction under § 2255." Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."

*Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017) (quoting *Dorsainvil*, 119 F.3d at 251). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the § 2241 petition must be dismissed for lack of jurisdiction. *See Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002).

In *Dorsainvil*, the petitioner had already filed an unsuccessful § 2255 motion when the Supreme Court "interpreted his statute of conviction in *Bailey v. United States*, 516 U.S. 137, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995), in a way that rendered [Dorsainvil's] conduct non-criminal." *See Boatwright v. Warden Fairton FCI*, 742 F. App'x 701, 702 (3d Cir. 2018). Dorsainvil could not seek permission to file a second § 2255 motion because "successive § 2255 motions based on new law must be based on new rules of constitutional law and *Bailey* involved statutory construction rather than constitutional law." *See id.* at 702-03 (citing *Dorsainvil*, 119 F.3d at 247-48). Dorsainvil "also had no prior opportunity to raise his challenge in an initial § 2255 motion because *Bailey* was decided after his § 2255 proceeding was complete." *See id.* at 703 (citing *Dorsainvil*, 119 F.3d at 246, 251). Thus, the Third Circuit concluded that Dorsanvil could proceed under § 2241 because, in that "unique circumstance," § 2255 was inadequate and ineffective. *See Dorsainvil*, 119 F.3d at 251.

7

In the instant case, Respondent indicates that he "does not agree" with Petitioner's jurisdictional statement, but nevertheless has addressed Petitioner's claim on the merits, "assuming that the Court will find it properly in the Middle District of Pennsylvania as a § 2241 petition." (Doc. No. 15 at 1.) Here, the Court concludes that Petitioner's situation is similar to that in *Dorsainvil*. As the Fifth Circuit noted when denying Petitioner's application to file a successive § 2255 motion, *Rehaif* "addressed a question of statutory interpretation." (Doc. No. 1 at 38.) Moreover, *Rehaif* was decided well after the completion of Petitioner's § 2255 proceedings. Accordingly, the Court will permit Petitioner to proceed on his § 2241 petition and will consider the merits of his claim below.

2. **Merits**

The Court must consider whether Petitioner was convicted of conduct—being a felon in possession of a firearm—that is no longer a crime in light of *Rehaif*. Actual innocence claims "under § 2241 are to be initially tested against the more relaxed (but still stringent) actual innocence gateway standard." *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 184 (3d Cir. 2017). Thus, Petitioner must "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Actual innocence, however, refers to "factual innocence, not mere legal insufficiency." *Id.* at 623-24. A habeas court, therefore, must "make its determination in light of all the

evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995) (citation omitted).

After *Rehaif*, the Government must now prove that a defendant charged with violating 18 U.S.C. § 922 both "knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. *Rehaif*, however, "did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code." *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019). Moreover, the Supreme Court did not express any view "about what precisely the Government must prove to establish a defendant's knowledge of status." *Id.*

As noted above, prior to Petitioner's trial, the parties stipulated that Petitioner had a prior felony conviction. The jury was instructed as to the stipulation and directed to take that fact as proven. Despite this stipulation, Petitioner now claims that he did not know he was a felon. Petitioner's stipulation, however, renders him ineligible for habeas relief under § 2241. *See United States v. Denson*, 774 F. App'x 184, 185 (5th Cir. 2019) (concluding that defendant who pled guilty to violating § 922(g) was not entitled to relief under *Rehaif* because he stipulated to being a

9

felon); *Alexander Entzel*, No. 1:19-cv-1301, 2020 WL 1068060, at *2-3 (C.D. Ill. Mar. 5, 2020) (denying *Rehaif* claim raised in § 2241 petition because petitioner had stipulated at trial that he was a felon and, therefore, the prosecution showed that petitioner had that knowledge); *Maxie v. Warden*, No. 6:19-cv-300-JMH, 2020 WL 86207, at *1-3 (E.D. Ky. Jan. 7, 2020) (concluding same); *Benson v. Marske*, No. 19-cv-644-bbc, 2019 WL 6683508, at *1-2 (W.D. Wisc. Dec. 6, 2019) (concluding same). Contrary to Petitioner's belief, the Government was not required to prove that Petitioner "specifically knew that he was prohibited from possessing firearms." *Maxie*, 2020 WL 86207, at *2 (citing *Bowens*, 938 F.3d at 797).

From the foregoing, the Court concludes that Petitioner has not demonstrated that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623. Accordingly, he is not entitled to relief under *Rehaif*, and his § 2241 petition will be denied.

**B.     Petitioner's Motion**

As noted above, Petitioner has filed a motion to not be transferred while the above-captioned matter is pending, "including and until all appeals on said matter have [been] exhausted." (Doc. No. 13 at 1.) Petitioner filed his motion pursuant to Rule 23(a) of the Federal Rules of Appellate Procedure, which states:

> Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in

accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party.

Fed. R. App. P. 23(a). Rule 23(a), however, "applies only when a habeas action is before the court of appeals on review of a district court's decision." *Fowler v. Miller-Stout*, No. C07-5356RJB/KLS, 2008 WL 60015, at *2 (W.D. Wash. Jan. 3, 2008); *see also Jackson v. Parish*, No. 15-cv-11622, 2019 WL 3818219, at *1-2 (E.D. Mich. Aug. 14, 2019) (collecting cases). Accordingly, the Court will deny Petitioner's motion (Doc. No. 13) without prejudice to his right to seek the same relief should he appeal this Court's decision in the above-captioned case to the Third Circuit.

## III. CONCLUSION

Based on the foregoing, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be denied. Petitioner's motion to not be transferred (Doc. No. 13) pursuant to Rule 23(a) of the Federal Rules of Appellate procedure will be denied without prejudice to his right to file a motion requesting the same relief in the Third Circuit should he appeal this Court's decision in the above-captioned case. An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: March 23, 2020