# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICARDO GUERRERO,** | : | |
|     Petitioner | : | |
| | : | No. 1:20-cv-39 |
| v. | : | |
| | : | (Judge Rambo) |
| **WARDEN G. QUAY,** | : | |
|     Respondent | : | |

## AMENDED MEMORANDUM[1]

On January 9, 2020, *pro se* Petitioner Ricardo Guerrero ("Petitioner"), who is presently incarcerated at the United States Penitentiary Allenwood in White Deer, Pennsylvania ("USP Allenwood"), initiated the above-captioned case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) In an Order dated January 22, 2020, the Court granted Petitioner leave to proceed *in forma pauperis* and directed Respondent to show cause why Petitioner should not receive the relief he requests. (Doc. No. 8.) After receiving an extension of time (Doc. Nos. 11, 12), Respondent filed a response on March 2, 2020 (Doc. No. 15). On February 20, 2020, Petitioner filed a motion to not be transferred to another facility. (Doc. No. 13.) Petitioner, however, filed neither a traverse nor a motion seeking an extension of time to do so. Accordingly, in a Memorandum and Order

---

[1] The purpose of this Amended Memorandum is to address Petitioner's traverse (Doc. No. 24), filed on July 14, 2020, and Respondent's response thereto (Doc. No. 26), filed on July 17, 2020. This Amended Memorandum and accompanying Order also serves to protect Petitioner's appellate rights.

dated March 23, 2020, the Court denied Petitioner's § 2241 petition as well as his motion to not be transferred. (Doc. Nos. 16, 17.)

A day later, Petitioner filed a motion for an extension of time to file his traverse. (Doc. No. 18.) In an Order entered that same day, the Court granted his motion and noted that once Petitioner filed his traverse, the Court would reconsider its March 23, 2020 Memorandum and Order. (Doc. No. 19.) Petitioner received two (2) more extensions of time (Doc. Nos. 20-23) before filing his traverse (Doc. No. 24) on July 14, 2020. In an Order dated July 14, 2020, the Court directed Respondent to file a response to the traverse within seven (7) days. (Doc. No. 25.) Respondent did so on July 17, 2020. (Doc. No. 26.) Upon consideration of all filings in the above-captioned case, including Petitioner's traverse and Respondents' response thereto, the Court will once again deny Petitioner's § 2241 petition.

## I. BACKGROUND

On December 17, 1997, the United States District Court for the Southern District of Texas sentenced Petitioner to sixty-six (66) months' incarceration for aiding and abetting the possession with intent to distribute 179.6 grams of cocaine. (Doc. No. 15, Ex. 3 at 1.) Petitioner completed his sentence on June 12, 2001 and was released on that day. (*Id.*, Ex. 18 at 1.) On August 21, 2002, his supervised release was revoked and he was returned to custody to serve "a twenty-four (24)

month supervised release violation term." (*Id.*)  Petitioner was released pursuant to good conduct time on April 27, 2004.  (*Id.* at 2.)

On October 23, 2013, a grand jury in the Southern District of Texas charged Petitioner with conspiracy to possess with intent to distribute heroin, methamphetamine, and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846; conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1) and (h); and being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (Doc. No. 15, Ex. 2.)  Prior to trial, the Government filed an Information of Prior Conviction, indicating that Petitioner had previously been convicted of aiding and abetting the possession with intent to distribute 179.6 grams of cocaine in the Southern District of Texas, as well as conspiracy to deliver a controlled substance in the Circuit Court for Davidson County, Tennessee.  (*Id.*, Ex. 3.)  Prior to trial, the parties stipulated to Petitioner's status as a felon.  *See United States v. Guerrero*, No. 2:13-cr-844-1 (S.D. Tex.) (Doc. No. 703).  The jury was instructed regarding this stipulation.  *Id.* (Doc. No. 496); (Doc. No. 26-3.)[2]

Petitioner also testified at his trial.  (Doc. No. 26-5.)  When asked, he testified that he had previously been convicted of three (3) felony offenses.  (*Id.*)  Specifically,

---

[2] Unless otherwise noted, all document references from this point forward refer to documents filed in the above-captioned case.

he testified that he received a one (1)-year sentence for his first felony, sixty-six (66) months for his second, and one (1) year for the third. (*Id.*) On March 18, 2014, the jury convicted Petitioner of all three (3) counts. (Doc. No. 15, Ex. 4.) On June 5, 2014, Petitioner was sentenced to life in prison for the drug conspiracy, 240 months for the money laundering conspiracy, and 120 months for being a felon in possession. (*Id.*, Ex. 5.)

Subsequently, the United States Court of Appeals for the Fifth Circuit affirmed Petitioner's judgment of conviction. *See United States v. Guerrero*, 603 F. App'x 328 (5th Cir. 2015). Petitioner then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied in 2017. *See United States v. Guerrero*, Nos. C-13-844-1, 2:16-229, 2017 WL 3335994 (S.D. Tex. Aug. 3, 2017). The Fifth Circuit subsequently denied Petitioner's request for a certificate of appealability. *See Guerrero*, No. 2:13-cr-844-1 (S.D. Tex.) (Doc. No. 1037).

Section 922(g)(1) prohibits an individual "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" from possessing firearms. 18 U.S.C. § 922(g)(1). Section 924(a)(2) provides that anyone who "knowingly violates" that provision is subject to imprisonment for up to ten (10) years. *See id.* § 924(a)(2). In 2019, the Supreme Court held that "the word 'knowingly' applies both to the defendant's conduct and to the defendant's status."

*Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019). Therefore, to convict an individual of violating § 922(g), "the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.*

In October 2019, Petitioner filed with the Fifth Circuit a motion for authorization pursuant to 28 U.S.C. § 2244, seeking leave to file a second or successive § 2255 motion. (Doc. No. 1 at 19-33.) Petitioner sought leave to file a second or successive § 2255 motion challenging his conviction under § 922(g)(1), arguing that under *Rehaif*, the Government never proved that Petitioner knew that he possessed a firearm and knew that he belonged "to the relevant category of persons barred from possessing a firearm." (*Id.* at 28.) In an Order entered November 26, 2019, the Fifth Circuit denied Petitioner's motion, concluding that *Rehaif* "addressed a question of statutory interpretation [and] did not announce a new rule of constitutional law." (*Id.* at 36-38.)

Petitioner now raises his *Rehaif* claim in his § 2241 petition. (*Id.* at 5, 10-15.) Petitioner argues that *Rehaif* "clearly establishes that [he] was convicted of conduct that the law does not make criminal." (*Id.* at 10.) According to Petitioner, the Government did not prove that he possessed the firearms and failed to prove that he was aware that he belonged to a group of people who are prohibited from possessing firearms. (*Id.* at 10-11, 14.) As relief, Petitioner requests that his 120-month

sentence for violating § 922(g)(2) be vacated and that his remaining counts of conviction be vacated so he can be "resentenced under the sentencing package doctrine." (*Id.* at 15.)

## II. DISCUSSION

### A. Jurisdiction Over Petitioner's § 2241 Petition

It is well settled that to challenge the validity of a sentence, a federal prisoner must file a motion to vacate pursuant to 28 U.S.C. § 2255 in the sentencing court, which is "already familiar with the facts of the case." *See Boumediene v. Bush*, 553 U.S. 723, 774-75 (2008); *see also Russell v. Martinez*, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). Conversely, a federal prisoner may challenge the execution of his sentence, such as the denial or revocation of parole or the loss of good-time credits, buy filing a petition pursuant to 28 U.S.C. § 2241 in the district court for the federal judicial district where he is in custody. *See* 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 443-44 (2004); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). However, if a petitioner shows "that a § 2255 motion 'is inadequate or ineffective to test the legality of his detention,' . . . [he may] resort to § 2241 to challenge the validity of the conviction or sentence." *See Brown v. Mendez*, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001); *see also* 28 U.S.C. § 2255(e); *Litterio v. Parker*, 369 F.2d 395,

395 (3d Cir. 1966) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.'").

A motion under § 2255 is not "inadequate or ineffective" if the sentencing court has previously denied relief. *See In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). Nor is a § 2255 motion "inadequate or ineffective" merely because the inmate "is unable to meet the requirements of [28 U.S.C.] § 2244 and § 2255(h), which require a federal prisoner to obtain preauthorization from the appropriate United States Court of Appeals before filing a second or subsequent § 2255 motion in the sentencing court." *See Miller v. United States*, No. 3:19-cv-2159, 2020 WL 820334, at *2 (M.D. Pa. Jan. 9, 2020), *report and recommendation adopted*, 2020 WL 815777 (M.D. Pa. Feb. 18, 2020). Moreover, "§ 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements." *See Long v. Fairton*, 611 F. App'x 53, 55 (3d Cir. 2015) (citing *Dorsainvil*, 119 F.3d at 251). The Third Circuit:

> permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and [Third Circuit] precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." Stated differently, the prisoner has "had no

earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."

*Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017) (quoting *Dorsainvil*, 119 F.3d at 251). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the § 2241 petition must be dismissed for lack of jurisdiction. *See Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002).

In *Dorsainvil*, the petitioner had already filed an unsuccessful § 2255 motion when the Supreme Court "interpreted his statute of conviction in *Bailey v. United States*, 516 U.S. 137, 116 S. Ct. 501, 133 L. Ed. 2d 472 (1995), in a way that rendered [Dorsainvil's] conduct non-criminal." *See Boatwright v. Warden Fairton FCI*, 742 F. App'x 701, 702 (3d Cir. 2018). Dorsainvil could not seek permission to file a second § 2255 motion because "successive § 2255 motions based on new law must be based on new rules of constitutional law and *Bailey* involved statutory construction rather than constitutional law." *See id.* at 702-03 (citing *Dorsainvil*, 119 F.3d at 247-48). Dorsainvil "also had no prior opportunity to raise his challenge in an initial § 2255 motion because *Bailey* was decided after his § 2255 proceeding was complete." *See id.* at 703 (citing *Dorsainvil*, 119 F.3d at 246, 251). Thus, the Third Circuit concluded that Dorsanvil could proceed under § 2241 because, in that "unique circumstance," § 2255 was inadequate and ineffective. *See Dorsainvil*, 119 F.3d at 251.

In the instant case, Respondent indicates that he "does not agree" with Petitioner's jurisdictional statement, but nevertheless has addressed Petitioner's claim on the merits, "assuming that the Court will find it properly in the Middle District of Pennsylvania as a § 2241 petition." (Doc. No. 15 at 1.) Here, the Court concludes that Petitioner's situation is similar to that in *Dorsainvil*. As the Fifth Circuit noted when denying Petitioner's application to file a successive § 2255 motion, *Rehaif* "addressed a question of statutory interpretation." (Doc. No. 1 at 38.) Moreover, *Rehaif* was decided well after the completion of Petitioner's § 2255 proceedings. Accordingly, the Court will permit Petitioner to proceed on his § 2241 petition and will consider the merits of his claim below.

### B.     Merits of Petitioner's Claim

The Court must consider whether Petitioner was convicted of conduct—being a felon in possession of a firearm—that is no longer a crime in light of *Rehaif*. Actual innocence claims "under § 2241 are to be initially tested against the more relaxed (but still stringent) actual innocence gateway standard." *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 184 (3d Cir. 2017). Thus, Petitioner must "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Actual innocence, however, refers to "factual innocence, not mere legal insufficiency." *Id.* at 623-24. A habeas court, therefore, must "make its determination in light of all the

evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995) (citation omitted).

After *Rehaif*, the Government must now prove that a defendant charged with violating 18 U.S.C. § 922 both "knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. *Rehaif*, however, "did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code." *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019). Moreover, the Supreme Court did not express any view "about what precisely the Government must prove to establish a defendant's knowledge of status." *Id.*

As noted above, prior to Petitioner's trial, the parties stipulated that Petitioner had a prior felony conviction. The jury was instructed as to the stipulation and directed to take that fact as proven. Petitioner, however, now claims that never made any such stipulation. (Doc. No. 24 at 1.) Petitioner provides an unsigned and undated copy of the stipulation to support his argument that it was never agreed upon by the parties. (Doc. No. 24-1 at 1.) However, the record reflects that the prosecution referred to the stipulation during opening arguments, and the presiding

judge referred to it when giving the charge to the jury.  (Doc. Nos. 26-2, 26-3.) Moreover, although Petitioner asserted several claims of ineffective assistance in his § 2254 motion, he did not argue that counsel was ineffective for failing to object to what he claims is a fabricated stipulation.  (Doc. No. 26-4.)  The Court finds Petitioner's argument that the parties never entered into a stipulation to be not credible.  Moreover, Petitioner's stipulation renders him ineligible for habeas relief under § 2241.  *See United States v. Denson*, 774 F. App'x 184, 185 (5th Cir. 2019) (concluding that defendant who pled guilty to violating § 922(g) was not entitled to relief under *Rehaif* because he stipulated to being a felon); *Alexander v. Entzel*, No. 1:19-cv-1301, 2020 WL 1068060, at *2-3 (C.D. Ill. Mar. 5, 2020) (denying *Rehaif* claim raised in § 2241 petition because petitioner had stipulated at trial that he was a felon and, therefore, the prosecution showed that petitioner had that knowledge); *Maxie v. Warden*, No. 6:19-cv-300-JMH, 2020 WL 86207, at *1-3 (E.D. Ky. Jan. 7, 2020) (concluding same); *Benson v. Marske*, No. 19-cv-644-bbc, 2019 WL 6683508, at *1-2 (W.D. Wisc. Dec. 6, 2019) (concluding same).

In any event, the Court agrees with Respondent that the stipulation is "ultimately of no import."  (Doc. No. 26 at 2.)  As noted above, to be entitled to relief under § 2241, Petitioner must "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*,

523 U.S. at 623. Actual innocence, however, refers to "factual innocence, not mere legal insufficiency." *Id.* at 623-24. At trial, Petitioner himself testified that he had previously been convicted of three (3) felonies, and that he was sentenced to sixty-six (66) months' incarceration for the second one. (Doc. No. 26-5.) Petitioner, therefore, has not demonstrated that in light of such evidence, it is more likely than not that no reasonable juror would have convicted him of the § 922(g) charge. Moreover, contrary to Petitioner's belief, the Government was not required to prove that Petitioner "specifically knew that he was prohibited from possessing firearms." *Maxie*, 2020 WL 86207, at *2 (citing *Bowens*, 938 F.3d at 797).

From the foregoing, the Court concludes that Petitioner has not demonstrated that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623. Accordingly, he is not entitled to relief under *Rehaif*, and his § 2241 petition will be denied.[3]

---

[3] In his traverse, Petitioner now asserts that the Government failed to present evidence connecting him to ownership or possession of the firearms located at the relevant residence, that he was never served with the sentencing enhancement information filed by the Government pursuant to 21 U.S.C. § 851, and that his prior convictions did not qualify for enhancements under § 851. (Doc. No. 24 at 8-29.) These arguments, however, are not properly before the Court; accordingly, the Court will not consider them. *See Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005) (noting that an argument first presented in the petitioner's "traverse rather than in his habeas petition [] was not properly before the district court"); *Martinez v. Nash*, No. 05-461, 2006 WL 2241604, at *10 (D.N.J. Aug. 2, 2006) (concluding that traverse was not the proper pleading to raise additional grounds for relief).

## III. CONCLUSION

Based on the foregoing, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will again be denied. An appropriate Order follows.

s/ Sylvia H. Rambo  
United States District Judge

Dated: July 23, 2020